-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BAKEIM MCCALL,

           Plaintiff,

           DECISION AND ORDER
-v-           14-CV-0258A

ELMIRA CORR. FAC. MEDICAL STAFF,

           Defendant.

_____

## INTRODUCTION

Plaintiff, Bakeim McCall, an inmate at the Marcy Correctional Facility, filed this *pro se* action under 42 U.S.C. § 1983 in the United States District Court, Northern District of New York. Following plaintiff's compliance with an order to file a second application to proceed *in forma pauperis* that had been certified by an appropriate official at the Facility, *see* 28 U.S.C. § 1915(a)(2), the action was transferred to this Court, pursuant to 28 U.S.C. § 1406(a), because plaintiff had named as defendants only the unidentified medical staff at Elmira Correctional Facility ("Elmira C.F."), and Elmira C.F. is located within this District. For the following reasons, plaintiff's application to proceed *in forma pauperis* is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma*

*pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's complaint must be dismissed, pursuant

to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), unless plaintiff files an amended complaint as directed below.

As noted, the only named defendant is Elmira C.F. "Medical Staff." The medical staff at Elmira C.F. is not a proper defendant in this action. First, in order to state an actionable claim under 42 U.S.C. § 1983, plaintiff must sue individuals who he alleges were personally involved in the alleged constitutional violation. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Second, even construing the complaint as one being brought against Elmira C.F., it too fails to state a claim because Elmira C.F., as a facility within the New York State Department of Corrections and Community Supervision ("DOCCS"), is not subject to suit under 42 U.S.C. § 1983. The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "An official arm of the state," such as DOCCS and Elmira C.F., "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). *See also Woods v. Rondout Valley Cent. School Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (Eleventh Amendment immunity extends to "state agents and state instrumentalities that are, effectively, arms of a state.") (internal quotation marks and citations omitted).

Plaintiff's amended complaint must therefore name as defendants individuals of the medical staff at Elmira C.F. who plaintiff alleges denied him adequate medical treatment, which the Court presumes is the nature of plaintiff's claims herein.

In addition to failing to name a proper defendant or defendants, the complaint, which was prepared on a Northern District Form for filing an Inmate Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, is completely silent with respect to what the actual allegations are against the unidentified member of the medical staff at Elmira C.F. Plaintiff notes that he filed grievances with the Central Office in Albany, and that one was denied but two others have been pending for months. (Docket No. 1, Complaint, ¶ 4(b).) He also notes that he complained to the medical staff and that the results of such complaints was "inadequate medical attention." (*Id.*, ¶ 4(c).) When asked to set forth the facts of his case, the causes of action and the request for relief, plaintiff left those portions of the form complaint completely blank.

Plaintiff must therefore file an amended complaint which, in addition to naming individuals at Elmira C.F. who he claims denied him adequate medical treatment,[1] sets forth sufficient facts to state a claim against the individuals named as defendants and sets forth what his request for relief is (*e.g.*, monetary damages, injunctive relief for medical treatment or some other form or type of allowable relief).

The amended complaint should, at a minimum, set forth (i) the alleged act(s) of misconduct (*i.e.*, constitutionally inadequate medical treatment); (ii) the date(s) on which such misconduct took

---

[1] A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). *See also Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)).

place; (iii) the names of each and every individual (defendant) who participated in and was personally involved in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and (v) the nexus (connection) between such misconduct and plaintiff's constitutional rights. The amended complaint should also set forth the type or form of relief sought. Plaintiff should use the Court's Pro Se Prisoner Civil Rights Complaint, a copy of which will be forwarded to him with this Order.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), unless he files an amended complaint by **June 3, 2014**, in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants he intends to sue herein, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## **ORDER**

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **June 3, 2014**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this Order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **June 3, 2014**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **June 3, 2014**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **June 3, 2014**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States

Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: April 28, 2014
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge